```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION



BRIAN GARRETT, ET AL,      )
                           )
   PLAINTIFFS,             )     CASE NO. 2:18-cv-692
                           )
         vs.               )
                           )
THE OHIO STATE UNIVERSITY, )
                           )
   DEFENDANT.              )
_____)


STEVE SNYDER-HILL, ET AL,  )
                           )
   PLAINTIFFS,             )     CASE NO. 2:18-cv-736
                           )
         vs.               )
                           )
THE OHIO STATE UNIVERSITY, )
                           )
   DEFENDANT.              )
_____)
```

TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE MICHAEL H. WATSON, JUDGE, AND
THE HONORABLE ELIZABETH PRESTON DEAVERS, MAGISTRATE JUDGE
THURSDAY, JANUARY 17, 2019; 10:15 A.M.
COLUMBUS, OHIO

FOR THE GARRETT, ET AL PLAINTIFFS:

    Sharp Law
    By:  Rex A. Sharp, Esq.
    5301 West 75th Street
    Prairie Village, Kansas 66208

    Sauder Schelkopf
    By:  Joseph G. Sauder, Esq.
    555 Lancaster Avenue
    Berwyn, Pennsylvania 19312

```
        The Law Offices of Simina Vourlis
        By:  Simina Vourlis, Esq.
        1689 West 3rd Avenue
        Columbus, Ohio 43212
```

FOR THE SNYDER-HILL, ET AL PLAINTIFFS:

```
        Landskroner Grieco Merriman, LLC
        By:  Jack Landskroner, Esq.
        1360 West 9th Street, Suite 200
        Cleveland, Ohio 44113

        Scott Elliot Smith LPA
        By:  Scott E. Smith, Esq
             Brian R. Noethlich, Esq.
        5003 Horizons Drive, Suite 100
        Columbus, Ohio 43220
```

FOR THE DEFENDANT:
```
        Carpenter Lipps & Leland LLP
        By:  Michael H. Carpenter, Esq.
             David J. Barthel, Esq.
             Stephen E. Dutton, Esq.
             Timothy R. Bricker, Esq.
        280 North High Street, 280 Plaza, Suite 1300
        Columbus, Ohio 43215
```

                            - - -

   Proceedings recorded by mechanical stenography, transcript produced by computer.

                    LAHANA DUFOUR, RMR, CRR
                  FEDERAL OFFICIAL COURT REPORTER
                 85 MARCONI BOULEVARD, ROOM 121
                      COLUMBUS, OHIO 43215
                         614-719-3286

```
                                                                3
 1                         Thursday Morning Session

 2                           January 17, 2019

 3                               - - -

 4            THE COURTROOM DEPUTY:  These are case numbers

 5   218-cv-692, 2:18-cv-736, Brian Garrett, et al and Steve

 6   Snyder-Hill, et al versus the Ohio State University.  Counsel,

 7   please enter your appearances.

 8            MR. LANDSKRONER:  Jack Landskroner for the plaintiffs

 9   Snyder-Hill.

10            MR. SMITH:  Scott Elliot Smith for the plaintiff Steve

11   Snyder-Hill.

12            MR. NOETHLICH:  Brian Noethlich for the plaintiffs

13   Snyder-Hill.

14            MS. VOURLIS:  Simina Vourlis for the plaintiff

15   Garrett.

16            MR. SAUDER:  Joe Sauder for the plaintiff Garrett.

17            MR. SHARP:  Rex Sharp for Brian Garrett and the

18   punitive class.

19            MR. CARPENTER:  For the defendants, Your Honor, Ohio

20   State University, Mike Carpenter and my colleagues Tim Bricker,

21   Dave Barthel and Ned Dutton.

22            THE COURT:  I want to start by saying that I, and I

23   think every member of this bench probably, have at one time or

24   another served as an adjunct professor of Ohio State.  I

25   currently am teaching.  I say that only because if you want to
```

4

1  take shots, you can take shots.  I'm thinking that my intention
2  is to stay on the case and, nonetheless, I'm letting you know
3  in case you want to raise something.
4          The Court does not intend to rule anytime soon on the
5  motions to stay discovery or the motions to dismiss.  The Court
6  intends that we will mediate these cases and that we will do so
7  beginning within the next 30 days.
8          Michael, when is the Perkins Coie investigation
9  completed?
10         MR. CARPENTER:  I don't know, Your Honor.  I am not
11 involved in that investigation so I have no real timeline or
12 access to that timeline.
13         THE COURT:  I want to see a copy of the report in
14 camera as soon as it's available as well as any status updates
15 that the board has received to date.
16         This mediation will likely have a number of moving parts
17 and so I am thinking of the model that was employed in the
18 Detroit bankruptcy case using a number of different mediators
19 that I would supervise in the course of mediating these cases.
20 I know the board chairman, Mike Gasser.  He's a man of his
21 word.  He's told the victims that appeared before the board
22 that, rest assured, the board is not dismissing you.  We're
23 committed to doing the right thing.  And the Court intends to
24 see that the right thing is done here.
25         I know that Mr. Gasser said at that meeting which I

1  believe happened in December but I'm not -- I don't have the
2  date right at hand, but in any event, he indicated that the
3  report would be -- the investigation would be over soon and we
4  look forward to coming up with appropriate responses to action
5  at that time.
6      In preparing for this case, the Court has been watching
7  what's going on in Michigan as well.  One might say that there
8  is -- there have been some fairly embarrassing revelations, I
9  think, from the lawyer that was appointed to sort of oversee
10 compliance with the investigation.  I think there was a
11 resignation involved.  I want to avoid that.  I want to avoid
12 all of that.
13     This case needs to be handled in a manner that is worthy
14 of a great institution and these victims need to be dealt with
15 as the Chairman of the Board of Trustees has indicated that he
16 is committed to doing.  We will be issuing an order following
17 our status conference today where we will solicit ideas from
18 counsel as to individuals who might serve as mediators.  We'll
19 be looking for probably joint recommendations.  I am willing to
20 be edified on the model but the one that comes to mind, as I
21 say, is the Detroit bankruptcy matter.
22     I know there's a great deal of -- there are legitimate
23 questions about the statute of limitations and so I want to ask
24 counsel.  I'm looking for a commitment from the plaintiffs.
25 You're talking about deliberate indifference from the date that

1 the university comes forward and admits that they have this
2 problem and they are going to conduct this investigation and
3 that is a date in March or April of 2018; is that correct?
4       MR. SHARP: That's correct, Your Honor.
5       MR. LANDSKRONER: That's correct, Your Honor.
6       THE COURT: Judge Deavers, what do you think?
7       THE MAGISTRATE JUDGE: We had talked previously about
8 getting no commitment from the plaintiffs as to the theory of
9 the case. I think it would be helpful, again, I know
10 Judge Watson just asked you specifically but because we have
11 two different cases going on, we want to make sure that both
12 parties are in lockstep with respect to the theory of the case.
13 So why don't you again, please, articulate and formulate the
14 basis of your claims as each of you understands it. Just to
15 confirm that we are in one unison theory.
16       MR. SHARP: Your Honor, on behalf of the Garrett
17 Plaintiffs. This is a Title IX case. We're seeking a claim
18 against Ohio State University for deliberate indifference in
19 their inaction with respect to the Strauss victims and
20 everything that has continued from that point forward. So I
21 think we are in lockstep in that regard, but I'll let Jack talk
22 on that issue.
23       MR. LANDSKRONER: Your Honor, we have been
24 coordinating as best we can in these cases to try to streamline
25 our efforts and make sure we're not duplicating efforts. Two

1  different claims and class claim individual claims for our
2  clients, but we are in agreement.
3       In essence, the claims arise from the question under
4  Title IX of when Plaintiffs knew that Dr. Strauss's conduct
5  constituted sexual harassment or abuse and when Plaintiffs knew
6  specifically that Ohio State University played a role and
7  contributed to their abuse and injury.  And that, we believe,
8  was instigated with Ohio State's announcement in April, end of
9  March, early April that they were going to investigate serial
10 claims of abuse against Dr. Strauss.
11      THE COURT:  How much discovery, if any, have you been
12 able to do or the investigation that you've done has brought
13 forward?  There's been talk of, in the motion papers, about
14 speaking with people who were there at the time that may still
15 be with the university or used to be affiliated with the
16 university.  Put some meat on those bones for me.  Who have you
17 talked to?
18      MR. LANDSKRONER:  Yes, sir.  So we have, as we are in
19 a suit, have not made efforts to speak to employees of the
20 university because of their position.
21      THE COURT:  Right.
22      MR. LANDSKRONER:  However, we have initiated public
23 records requests for documents.  We have extensively
24 interviewed, obviously, our clients and others that our clients
25 could identify that might help us to understand the nature of

1   the complaints and the relation of those complaints to the
2   university or its staff. But we have not been able to gather
3   the information that we need. And the purpose of our request
4   for very limited discovery was, one, to get records that -- our
5   clients' own records which we provided authorizations for to
6   the university to counsel so we can have a complete
7   understanding of their window at Ohio State University if there
8   is any documentation or what their medical records reflect; we
9   have asked for information on Dr. Strauss which we've been able
10  to get through public records request but only in a limited
11  capacity; we have subpoenaed the medical board for information
12  from Dr. Strauss. I've received some documentation back there
13  and understand that there's additional documentation at the
14  medical board that they cannot release because there were
15  complaints filed but they were not validated, they were just
16  simply filed and they can't release that information to us.
17       So we know there's additional information out there. We
18  just don't have it.
19       MR. SHARP: Your Honor, we've done all of the same as
20  well as attempted to talk to a number of the former higher-ups
21  at OSU because they are formers, but because they're former
22  employees or former officers, they have declined for whatever
23  reason and they're entitled to do that. We cannot force them
24  without the power of the Court. So we haven't had too much
25  more luck other than what has been publicly available at this

9

1 point.

2 THE COURT: All right. Thank you.

3 Mr. Carpenter, is there anything that you would like to
4 add at this point?

5 MR. CARPENTER: No, Your Honor.

6 THE COURT: Thank you. Anything further on behalf of
7 Plaintiffs?

8 MR. LANDSKRONER: Nothing more from the plaintiffs to
9 present.

10 THE COURT: We will be issuing an order following
11 today's hearing but I'd like you to get your heads together and
12 come up with some proposed names and we will include that in
13 the order, to serve as mediators.

14 MR. LANDSKRONER: Your Honor, I was curious in terms
15 of procedurally how the government shutdown is affecting you
16 and whether we should be aware of any procedures you'd like us
17 to follow under the circumstances.

18 THE COURT: We will be here. Hopefully we'll get
19 Washington working again. That would be nice.

20 MR. SHARP: Your Honor, on behalf of Plaintiffs
21 Garrett, I also believe that Jack would probably share in this,
22 we've previously recommended Layn Phillips as a mediator who
23 handled not only the Michigan State mediation, I know that took
24 quite a period of time, and also the USC case that was recently
25 mediated before Judge Layn Phillips. I believe he also has --

10

1 there's a number of mediators within his office.  I believe
2 there's a few that may have gone to Ohio State's law school.  I
3 know that Judge Phillips has been back here at the invitation
4 of Ohio State to speak on arbitrations and mediations.  So we
5 would recommend him.  He may have some ideas on how best to
6 handle these having actually done them before.  But that would
7 be who we would recommend.
8        THE COURT:  Very good.
9        MR. LANDSKRONER:  We would concur with that, Your
10 Honor.
11        MR. CARPENTER:  Nothing further to add.  We will
12 confer with our clients and provide that information as
13 requested by the Court.
14        THE COURT:  Thank you.  I appreciate your coming in
15 today.
16      (The proceedings were adjourned at 10:30 a.m.)
17                            - - -

11

C E R T I F I C A T E

I, Lahana DuFour, do hereby certify that the foregoing is a true and correct transcript of the proceedings before the Honorable Michael H. Watson, Judge, and the Honorable Elizabeth Preston Deavers, Magistrate Judge, in the United States District Court, Southern District of Ohio, Eastern Division, on the date indicated, reported by me in shorthand and transcribed by me or under my supervision.

s/Lahana DuFour
Lahana DuFour, RMR, CRR
Official Federal Court Reporter
January 22, 2019