THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GARRETT, et al., | ) | |
| | ) | Case No. 2:18-cv-00692 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:18-cv-00736 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION FOR ORDER
PURSUANT TO R.C. § 4731.22(F)(5) REGARDING STATE MEDICAL BOARD FILES**

Pursuant to R.C. § 4731.22(F)(5), defendant The Ohio State University ("Ohio State") respectfully requests that the Court enter an Order permitting Ohio State to publicly release portions of an independent investigation report which discuss information retrieved from files obtained from the State Medical Board of Ohio, provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the investigation report before it is publicly released. The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support.

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
David J. Barthel (0079307)
Stephen E. Dutton (0096064)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
E-mail: carpenter@carpenterlipps.com
        bricker@carpenterlipps.com
        barthel@carpenterlipps.com
        dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION.**

Plaintiffs are former male students of The Ohio State University ("Ohio State") who allege that former Ohio State-employed physician, Dr. Richard Strauss, sexually abused them while they were students at Ohio State from 1979 to 1996. Dr. Strauss was a physician employed by Ohio State from 1978 to 1998. He died in 2005.

After learning of the allegations related to Dr. Strauss in March 2018, Ohio State announced on April 5, 2018, it was retaining an outside law firm to oversee an independent, external investigation into the allegations.

The State Medical Board of Ohio (the "State Medical Board") conducted investigations related to Dr. Strauss in 1996. Ohio State recently learned, and then made the undersigned counsel aware, that the Perkins Coie investigation report apparently will rely upon and reference statements made by former Ohio State employee witnesses to the State Medical Board at the time of its investigation in 1996. The nature and extent of the reliance is unknown to Ohio State and the undersigned because the Perkins Coie investigation report has not yet been completed and delivered to Ohio State. *See* attached Exhibit A (April 19, 2019 Letter from Kathleen M. Trafford, Ohio State's appointed legal counsel who retained Perkins Coie, to Kimberly C. Anderson, Chief Legal Counsel, State Medical Board). The State Medical Board has taken the position that any information from its files is confidential and cannot be publicly disclosed pursuant to R.C. § 4731.22(F)(5). *See* attached Exhibit B (April 22, 2019 Letter from Kimberly C. Anderson to Kathleen M. Trafford).

During the status conference on January 17, 2019, the Court requested Ohio State submit to the Court for an *in camera* inspection a copy of the completed Perkins Coie investigation report after its delivery to Ohio State. *See* Hearing Transcript (Doc. #52 in Case No. 2:18-cv-

00692) at 4:13-14. Ohio State will comply with the Court's request and, in an effort to be transparent, Ohio State desires to publicly release the report in its entirety once it is received. This motion is being filed to facilitate that effort while remaining in compliance with the law.

In anticipation of the delivery of the Perkins Coie investigation report, Ohio State respectfully requests that the Court enter an Order pursuant to R.C. § 4731.22(F)(5) permitting Ohio State to publicly release the portions of the Perkins Coie investigation report which discuss information retrieved from the files obtained from the State Medical Board, provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the investigation report before it is publicly released. R.C. § 4731.22(F)(5) expressly authorizes such an Order and, given the rare and extraordinary circumstances here, such an Order would strike the appropriate balance between Ohio State's commitment to transparency regarding this investigation and the public's right to know, and the obligation to protect the confidentiality of former patients' and non-Ohio State complainants' and witnesses' identities.[1]

## II.     DISCUSSION.

Revised Code § 4731.22 sets forth procedures related to physician discipline by the State Medical Board. Subsection (F) of R.C. § 4731.22 requires the State Medical Board to investigate violations of Chapter 4731 and sets forth the procedures and requirements for such investigations. Section 4731.22(F)(5) establishes the confidentiality of these investigations. It provides that "a complaint, or information received by the board pursuant to an investigation . . . is confidential and not subject to discovery in any civil action."

Clarifying the scope of this confidentiality, Section 4731.22(F)(5) requires the State

---

[1] In order to provide notice of this filing, a copy is being provided to counsel for the State Medical Board, as listed in their letter attached as Exhibit B.

Medical Board to protect the confidentiality of patients and complainants, and prohibits the State Medical Board from making public the names or identifying information about patients or complainants, without proper consent or waiver of the patient privilege:

> The board shall conduct all investigations or inspections and proceedings in a manner that protects the confidentiality of patients and persons who file complaints with the board. The board shall not make public the names or any other identifying information about patients or complainants unless proper consent is given or, in the case of a patient, a waiver of the patient privilege exists under division (B) of section 2317.02 of the Revised Code, except that consent or a waiver of that nature is not required if the board possesses reliable and substantial evidence that no bona fide physician-patient relationship exists.

*Id*.

Section 4731.22(F)(5) permits the State Medical Board to share confidential information with another governmental agency that is investigating alleged violations of statutes or administrative rules. The agency receiving the confidential information must comply with the same requirements regarding confidentiality as those with which the State Medical Board must comply:

> The board may share any information it receives pursuant to an investigation or inspection, including patient records and patient record information, with law enforcement agencies, other licensing boards, and other governmental agencies that are prosecuting, adjudicating, or investigating alleged violations of statutes or administrative rules. An agency or board that receives the information shall comply with the same requirements regarding confidentiality as those with which the state medical board must comply, notwithstanding any conflicting provision of the Revised Code or procedure of the agency or board that applies when it is dealing with other information in its possession.

*Id*. It was pursuant to this section that the State Medical Board properly shared information with Ohio State for purposes of the independent investigation being conducted into Dr. Strauss' activities.

Importantly, Section 4731.22(F)(5) also authorizes the admission into evidence of confidential information in a judicial proceeding, provided that the court takes appropriate

5

measures to maintain the confidentiality of names or other identifying information about patients or complainants:

> In a judicial proceeding, the information may be admitted into evidence only in accordance with the Rules of Evidence, but the court shall require that appropriate measures are taken to ensure that confidentiality is maintained with respect to any part of the information that contains names or other identifying information about patients or complainants whose confidentiality was protected by the state medical board when the information was in the board's possession. Measures to ensure confidentiality that may be taken by the court include sealing its records or deleting specific information from its records.

*Id.*

Entry of an Order pursuant to R.C. § 4731.22(F)(5) permitting Ohio State to publicly release the Perkins Coie investigative report, provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the report before it is publicly released, is appropriate for several reasons:

1. The State Medical Board has appropriately shared information relating to its investigation of Dr. Strauss with Ohio State—a "governmental agenc[y]" that is "investigating alleged violations of statutes or administrative rules," *i.e.*, Title IX. *See* R.C. § 4731.22(F)(5).

2. The information contained within the State Medical Board's files relating to Dr. Strauss is now more than twenty years old. Dr. Strauss has been dead for nearly fourteen years. Given the significant passage of time, witness death and attrition, and the fading of memories, the independent investigators view the 1996 statements by Ohio State employee witnesses to the State Medical Board as "invaluable" and a "critical" source of information regarding Ohio State's knowledge of Dr. Strauss' conduct that is unavailable elsewhere. *See* Exhibit A at 1-2. Without such information, "the current investigation will not be complete," and "the thoroughness and integrity of the investigation could be open to question." Exhibit A at 1-2.

3. R.C. § 4731.22(F)(5) expressly authorizes the Court to take appropriate measures to maintain the confidentiality of names or other identifying information about patients, witnesses,[2] and complainants, and provides non-exhaustive examples of such measures, including the sealing or deletion of information. Ohio State's proposal to redact the names of any and all former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, from the Perkins Coie investigation report before the report is publicly released is consistent with the statutory examples of appropriate measures for protecting such non-Ohio State individuals' identities pursuant to R.C. § 4731.22(F)(5). *See*, *e.g.*, *State ex rel. Mahajan*, 2010-Ohio-5995, ¶¶ 1, 44, 48, 51-52, 55, 57-58, 66 (State Medical Board's redactions of certain confidential information from records exempt from disclosure pursuant to the Ohio Public Records Act were proper); *State ex rel. Wallace v. State Med. Bd. of Ohio*, 89 Ohio St.3d 431, 436, 2000-Ohio-213, 732 N.E.2d 960 (2000) ("The court of appeals properly ordered . . . the release of [State Medical Board] records after they are redacted to protect the confidentiality of anyone else who has not waived the privilege").[3]

4. The plain language of R.C. § 4731.22(F)(5) also makes clear that its primary objective is to "protect[] the confidentiality of patients and persons who file complaints with the board" by prohibiting the public disclosure of "names or any other identifying information about patients or other complainants" without consent. Ohio State's request furthers this legislative purpose. Specifically, in regard to patients, Ohio State's proposal to redact any and all former patient names and other information which might identify patients from the Perkins Coie investigation report before the report is publicly released will insure that former patients'

---

[2] *See State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 35 (2010).
[3] R.C. § 4731.22(F)(5)'s prohibition against disclosure of confidential information received by the State Medical Board in discovery is not implicated because Ohio State is not seeking to disclose the Perkins Coie report in discovery.

identities are protected. Additionally, as a complainant which brought Dr. Strauss' conduct to the Medical Board's attention, Ohio State consents to any public disclosures in the Perkins Coie investigation report of information relating to itself that are derived from the State Medical Board files, including the statements by Ohio State employee witnesses to the State Medical Board and the identities of those employee witnesses. All Ohio State employee witnesses who provided information to the State Medical Board were acting in their official capacity as Ohio State employees, not as private individuals, and disclosed information known to them only in their official capacity. *See* Exhibit A at 2. *Cf. In re Grand Jury Proceedings, Detroit, Michigan, August, 1977*, 570 F.2d 562, 563 (6th Cir. 1978) (per curiam) (attorney-client privilege belonged to the corporation, not to its employee, and corporate employee did not have the right to assert the attorney-client privilege that had been waived by the corporation).

5. Given these rare and extraordinary circumstances, and the number of citizens affected by Dr. Strauss, public policy calls for transparency. The Supreme Court of Ohio has recognized that "the duty of confidentiality is not absolute," and there may be "a countervailing public interest to which it must yield in appropriate circumstances." *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 402, 1999-Ohio-115, 715 N.E.2d 518 (1999) ("[S]pecial situations may exist where the interest of the public, the patient, the physician, or a third person are of sufficient importance to justify the creation of a conditional or qualified privilege to disclose in the absence of any statutory mandate or common-law duty. . . . We hold that in the absence of prior authorization, a physician or hospital is privileged to disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest which outweighs the patient's interest in confidentiality"); *Ohio State Dental Bd. v. Rubin*, 104 Ohio App.3d 773, 775, 663 N.E.2d 387, 388 (1st Dist.1995) ("[P]olicy

8

considerations underlying the physician-patient privilege must be balanced against, and are sometimes outweighed by, other interests, such as the public interest in detecting crimes to protect society"). Here, any interest in confidentiality in the State Medical Board files is outweighed by more important countervailing public interests.

Ohio State's motion seeks to accomplish two important goals: further Ohio State's commitment to transparency, and, protect the confidentiality of former patients' and non-Ohio State complainants' and witnesses' identities. The requested Court Order would do both and is appropriate given the unique circumstances here.

### III. CONCLUSION.

Here, there are special factors which create conditions suitable for a narrow, limited exception to the normal confidentiality of State Medical Board proceedings. These factors are:

1. The State Medical Board has appropriately shared information relating to its investigation of Dr. Strauss with Ohio State—another public, governmental agency—pursuant to an independent investigation.

2. Ohio State, as the public, governmental agency which received the information, is a complainant.

3. R.C. § 4731.22(F)(5) expressly permits the judicial release of State Medical Board information, provided that appropriate measures are taken to protect confidentiality.

4. Although State Medical Board information relating to the investigation of Dr. Strauss will be publicly released, the patients' and non-Ohio State employees' and witnesses' names would be redacted.

5. Given the passage of time and witness attrition, including the deaths of witnesses, the State Medical Board information has become a critical source of information for the Perkins Coie investigation that cannot be obtained from any other source.

6. The physician who was investigated by the State Medical Board is deceased.

7. Public policy calls for transparency, given these extraordinary circumstances.

Because of the existence of these special factors and circumstances, Ohio State respectfully requests that the Court enter an Order pursuant to R.C. § 4731.22(F)(5) permitting Ohio State to publicly release the Perkins Coie investigation report, provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the report before it is publicly released.

Respectfully submitted,

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
David J. Barthel (0079307)
Stephen E. Dutton (0096064)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
E-mail:carpenter@carpenterlipps.com
bricker@carpenterlipps.com
barthel@carpenterlipps.com
dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on May 1, 2019. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Trial Attorney for
Defendant The Ohio State University