THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN GARRETT, et al., ) | |
| ) | Case No. 2:18-cv-00692 |
| Plaintiffs, ) | |
| ) | Judge Michael H. Watson |
| v. ) | |
| ) | Chief Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| STEVE SNYDER-HILL, et al., ) | Case No. 2:18-cv-00736 |
| ) | |
| Plaintiffs, ) | Judge Michael H. Watson |
| ) | |
| v. ) | Chief Magistrate Judge Elizabeth P. Deavers |
| ) | |
| THE OHIO STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S REPLY IN SUPPORT OF ITS
MOTION FOR ORDER PURSUANT TO R.C. § 4731.22(F)(5)
<u>REGARDING STATE MEDICAL BOARD FILES</u>**

Plaintiffs in both of the above captioned matters do not oppose Defendant The Ohio State University's Motion For Order Pursuant To R.C. § 4731.22(F)(5) Regarding State Medical Board Files (Case No. 2:18-cv-00692, Doc. 70; Case No. 2:18-cv-00736, Doc. 52) ("Ohio State's Motion"). *See* Class Plaintiffs' Response to Ohio State's Motion (Case No. 2:18-cv-00692, Doc. 78); Mass Plaintiffs' Response to Ohio State's Motion (Case No. 2:18-cv-00736, Doc. 59).

Both sets of plaintiffs, however, seek special broad access to, or control over, the report, without stating any need or legal justification for their requests.  This should not be allowed.

Specifically, the Class Plaintiffs in Case No. 2:18-cv-00692 request that "the unredacted report [be] made available to the Court, to the Mediator, and to all Counsel of Record, under a

'Highly Confidential—Attorneys' Eyes Only" designation." *See* Class Plaintiffs' Response at 1. This arrangement would reveal the identities of former patients and non-Ohio State complainants and witnesses. Their privacy should remain in confidence, and would strike the correct balance between the concerns of the State Medical Board and Ohio State's commitment to transparency. Additionally, according to public records, the Perkins Coie independent investigators promised witnesses they interviewed that their identities would remain confidential. *See* Ohio State News Release, *Ohio State shares developments in Strauss investigation* (June 7, 2018), available at https://news.osu.edu/ohio-state-shares-developments-in-strauss-investigation/ ("The identity of those who contact Perkins Coie will be treated with the utmost confidence and sensitivity permitted by law, and individuals may report anonymously if they wish."). Class Plaintiffs do not set forth any need or other legal basis to give them special access to private individuals' private information which may have been provided to the Medical Board or Perkins Coie. The Class Plaintiffs' request to know the names of former patients and non-Ohio State complainants and witnesses also is inconsistent with their request that many of them be allowed to proceed anonymously in this matter, a request to which Ohio State agreed at the time.

The Mass Plaintiffs say the Perkins Coie report should be made available to "all counsel of record two business days before it is publicly released." *See* Mass Plaintiffs' Response at 2. This attempt to influence the independent report and sequence the timing of its release to plaintiffs' counsel before the public is not appropriate. As the Court is aware, counsel of record for the plaintiffs in these cases only represent 78 plaintiffs; they do not represent all individuals who are publicly reported to have spoken to Perkins Coie. *See* Jennifer Smola, *Ohio State, plaintiffs in Richard Strauss case given 3 weeks to find mediator*, THE COLUMBUS DISPATCH (February 20, 2019), available at https://www.dispatch.com/news/20190220/ohio-state-plaintiffs-in-richard-strauss-case-given-3-weeks-to-find-mediator ("[A]t least 150 people have come forward with

firsthand accounts of abuse by Strauss."). The Mass Plaintiffs, like the Class Plaintiffs, fail to set out any need, or provide any legal basis, in support of their demand. For these reasons, the Mass Plaintiffs' request also should be denied.

As so moved in its original motion, and pursuant to R.C. § 4731.22(F)(5), the Court should enter an Order allowing Ohio State to release the Perkins Coie investigation report, provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the report before it is publicly released.

        Respectfully submitted,

        DAVID A. YOST
        ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
      Michael H. Carpenter (0015733) (Trial Attorney)
      Timothy R. Bricker (0061872)
      David J. Barthel (0079307)
      Stephen E. Dutton (0096064)
      CARPENTER LIPPS AND LELAND LLP
      280 Plaza, Suite 1300
      280 North High Street
      Columbus, OH 43215
      E-mail: carpenter@carpenterlipps.com
            bricker@carpenterlipps.com
            barthel@carpenterlipps.com
            dutton@carpenterlipps.com

      Special Counsel for Defendant The Ohio State University

4

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically on May 9, 2019. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

      /s/ Michael H. Carpenter
      Trial Attorney for
      Defendant The Ohio State University