THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:18-cv-00736 |
| ) | |
| v. ) | Judge Michael H. Watson |
| ) | |
| THE OHIO STATE UNIVERSITY, ) | Chief Magistrate Judge Elizabeth P. |
| ) | Deavers |
| Defendant. ) | |
| ) | |

# THE *SNYDER-HILL* PLAINTIFFS'
# MOTION TO AMEND AND TO FILE UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 15(a) and this Court's inherent powers, the *Snyder-Hill* Plaintiffs respectfully move this Court to grant Plaintiffs leave to file the proposed Second Amended Complaint attached as Exhibit 1; a redline to the operative First Amended Complaint is attached as Exhibit 2. Plaintiffs seek to amend their Complaint to (1) file public allegations for two Plaintiffs previously identified with John Doe allegations, (2) provide additional factual allegations about the specific harm experienced by nine Plaintiffs, and (3) update other allegations to reflect additional information Plaintiffs have learned about Defendant's culpability. Defendant does not consent to amendment.

Plaintiffs further request that if leave to amend is granted, Plaintiffs be permitted, pursuant to S.D. Ohio Civ. R. 5.2.1 to file under seal a confidential version of the Second Amended Complaint that reveals the true names of Plaintiffs John Doe 1 to 28.

As to the content of the amendment: First, Plaintiffs' proposed Second Amended Complaint identifies as parties Plaintiffs Melvin Robinson, who was previously designated "John

1

Doe 1" and Douglas Wells, previously "John Doe 21." These men have chosen to publicly identify themselves in Court filings and it is important to them that the operative Complaint use their real names. Second, the proposed Second Amended Complaint alleges additional details on behalf of Plaintiffs Snyder-Hill, Mulvin, Wells, and six John Doe Plaintiffs (John Doe 1, 2, 3, 4, 19, and 28) about what Dr. Strauss did to them and how they were harmed. It is important to the Plaintiffs that the operative Complaint accurately describe the scope of Dr. Strauss's abuse and OSU's culpability. Plaintiffs' amended specific allegations are also relevant to the scope of OSU's liability in this matter, as they go directly to the nature of the injuries Plaintiffs suffered due to Dr. Strauss's abuse. Third, to ensure the Complaint is accurate and complete, the proposed Second Amended Complaint alleges additional details Plaintiffs learned since the filing of the First Amended Complaint concerning OSU's responsibility for Dr. Strauss's abuse.

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint will be "freely give[n] . . . when justice so requires." The Supreme Court has emphasized that the refusal to grant leave to amend must be justified by grounds such as undue delay, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). No such grounds exist here. This case is still in its early stages, with the Court having not yet resolved OSU's (now moot) motion to dismiss and the parties engaging in mediation. Defendant will suffer no prejudice from an amendment that gives it notice of additional factual allegations on which Plaintiffs base their claims. It will be more efficient to allow Plaintiffs to amend their allegations now so that the parties may move forward with a common understanding of the extent of claims in this case. The operative Complaint should reflect Plaintiffs' current, and most accurate, allegations.

While OSU may claim amendment is futile on statute of limitations grounds, Plaintiffs' claims are timely for the reasons detailed in Plaintiffs' opposition to OSU's motion. *See* Dkt. 40.

More practically, given the number of cases and parties in these related proceedings, this Court can permit this amendment without reaching the question of timeliness. The Court has indicated that it wishes to delay resolution of OSU's statute of limitations defense until (if necessary) the conclusion of the mediation process. *See* Dkt. 108 in 18-cv-0062 (terminating as moot pending motions to dismiss "in order to facilitate settlement" and holding that "Defendant may renew the motions if mediation ultimately proves unsuccessful"). Amendment would be without prejudice to OSU's limitations defense, which the Court could reach if and when Defendant renews its motions to dismiss in this and all the pending related cases.

Counsel further requests permission to file *ex parte* and under seal a version of the Second Amended Complaint that reveals the names of the anonymous Plaintiffs. This Court previously found that "good cause" was shown to use a John Doe designation "in all pleadings and documents to be filed on the public record when referring to the thirty-one Plaintiffs who wish to proceed anonymously in this action." Dkt. 33. The Court also previously ordered the Plaintiffs to "file with the Court *ex parte* and under seal a First Amended complaint bearing the thirty-one Doe Plaintiffs' true names." *Id.* Twenty-eight of those thirty-one Plaintiffs now seek to continue to proceed anonymously in this action (two are now prepared to be identified in public filings as detailed above, one is no longer part of this case, *see* Dkt. 99). Accordingly, Plaintiffs respectfully request permission to file *ex parte* under seal the Second Amended Complaint revealing the anonymous Plaintiffs' true names.

DATED:  November 7, 2019               EMERY CELLI BRINCKERHOFF
                                        & ABADY LLP

                                        By: */s/ Debra L. Greenberger*
                                        Ilann M. Maazel (admitted *pro hac vice*)
                                        Debra L. Greenberger (admitted *pro hac vice*)

Marissa Benavides (admitted *pro hac vice*)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbalaw.com
E-Mail: dgreenberger@ecbalaw.com

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
Brian R. Noethlich (0086933)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail:ses@sestraillaw.com
E-Mail: brn@sestriallaw.com

Adele P. Kimmel (admitted *pro hac vice*)
Alexandra Brodsky (admitted *pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

*Attorneys for the Snyder-Hill Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of this document was served by the Court's ECF System on all counsel of record on November 7, 2019, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

/s/ *Debra L. Greenberger*
Debra L. Greenberger