THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:18-cv-00736 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S COMBINED RESPONSE IN OPPOSITION TO (1) THE *SNYDER-HILL* PLAINTIFFS' MOTION TO AMEND AND TO FILE UNDER SEAL AND (2) THE *SNYDER-HILL* PLAINTIFFS' MOTION FOR LEAVE TO CORRECT FILING**

Defendant The Ohio State University ("Ohio State") respectfully provides the following combined response in opposition to (1) The *Snyder-Hill* Plaintiffs' Motion To Amend And To File Under Seal, Doc. 101 (the "Motion to Amend") and (2) The *Snyder-Hill* Plaintiffs' Motion For Leave To Correct Filing, Doc. 103 (the "Motion to Correct").

The Motion to Amend states that Ohio State "does not consent to amendment." *See* Motion to Amend at 1. This is not entirely accurate. Ohio State agreed to consent to complaint amendments adding **new plaintiffs** because such amendments would assist with mediation efforts. Ohio State currently does **not** oppose amendments to add new plaintiffs (and allegations specific to those new plaintiffs) to the complaints in any of the current Strauss-related cases.

The *Snyder-Hill* plaintiffs' proposed Second Amended Complaint ("SAC"), however, adds *zero* new plaintiffs. Contrary to the prior representations of plaintiffs' counsel, the plaintiffs in this case now purport to seek leave to add approximately 13 pages to their FAC to: (i) make public allegations relating to plaintiffs Melvin Robinson and Douglas Wells, who previously were

identified in the FAC as John Doe 1 and John Doe 21[1], respectively; (ii) provide new allegations about Strauss' conduct relating to 16 plaintiffs who also were previously identified as plaintiffs in the FAC (in reality, the allegations are not just new, but plaintiffs have completely re-written them in a manner that is inconsistent with and/or directly contradicts prior allegations); and (iii) add other allegations to reflect additional information plaintiffs have allegedly learned about Ohio State's culpability. The proposed amendments are improper for several reasons.

First, the proposed amendments are untimely and prejudicial to Ohio State and the 300+ other plaintiffs who have been mediating in good faith for the last six months. The vast majority of the proposed amendments alleging what Strauss did to these 16 previously identified plaintiffs at least twenty years ago, and the harm they allegedly experienced as a result, is information that was already available to plaintiffs at the time they filed their original Complaint on July 26, 2018, and their FAC on November 13, 2018. Both prior complaints set forth detailed allegations specific to each plaintiff's experience with Strauss and the harm incurred, all of which plaintiffs were aware of at the time of the conduct. Ohio State, the mediator, and the 300+ other plaintiffs in the related cases have relied upon those these allegations during the mediation proceedings.

Additionally, and more troubling, most of the proposed amendments relating to the 16 previously identified plaintiffs are not merely "additional details" about what Strauss did to these plaintiffs (as plaintiffs inaccurately characterize them, *see* Motion to Amend at 2), but instead consist of proposed deletions and additions that are inconsistent with and/or directly contradict plaintiffs' prior allegations. Multiple plaintiffs have materially changed the nature of the abuse they allegedly endured and the harm they allegedly suffered, and other plaintiffs have deleted

---

[1] Plaintiffs' SAC states that Douglas Wells was previously listed as John Doe 22 in the FAC, but Douglas Wells' allegations in the SAC align with the allegations of John Doe 21 in the FAC.

certain allegations relating to their knowledge of the abuse at the time it occurred.  These discrepancies raise questions and undermine mediation efforts.  They should not be allowed.

Finally, the proposed amendments are fundamentally inconsistent with the Court's prior directive, repeated numerous times throughout the course of these proceedings, "encourag[ing] the parties to focus their efforts on mediation, and any discovery pursued should be narrowly tailored for the purposes of mediation."  *See Garrett*, Case No. 2:18-cv-692, Doc. 90 at 2.  None of the proposed amendments assists with mediation efforts.  The *Snyder-Hill* plaintiffs already amended their Complaint over a year ago, and the parties have been actively mediating for the past six months.  It is improper for these plaintiffs to amend their Complaint, ***again***, at this stage of litigation – especially given that Ohio State's motion to dismiss the FAC is fully briefed and ready for the Court's decision, if and when the mediation with these plaintiffs were to reach an impasse. *See* Order, Case No. 2:18-cv-692, Doc. 108 at 2 ("Defendant may renew the motions [to dismiss] if mediation ultimately proves unsuccessful.").

For the foregoing reasons, the *Snyder-Hill* plaintiffs' latest proposed amended complaint should be denied.

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        David J. Barthel (0079307)
        Jennifer A.L. Battle (0085761)
        Stephen E. Dutton (0096064)
        CARPENTER LIPPS AND LELAND LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        Telephone:  (614) 365-4100
        Facsimile:  (614) 365-9145
        E-mail:carpenter@carpenterlipps.com
               bricker@carpenterlipps.com
               battle@carpenterlipps.com
               barthel@carpenterlipps.com
               dutton@carpenterlipps.com

        Special Counsel for Defendant The Ohio State
        University

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on December 9, 2019.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this fling through the Court's ECF system.


/s/ Michael H. Carpenter
Trial Attorney for
Defendant The Ohio State University