# THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | Case No. 2:18-cv-00736 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |

### PLAINTIFFS' RESPONSE TO OHIO STATE'S MEMORANDUM CONCERNING THE CONFIDENTIALITY OF PLAINTIFFS' COMPLAINT

Plaintiffs' Second Amended Complaint (dkt. 123) contains no confidential information. Ohio State raises concerns about three paragraphs that link a particular deponent to an already-public statement made to the Medical Board. Ohio State suggests that disclosure the deponents' voluntary statement may somehow violate R.C. § 4731.22(F)(5) (the "State Statute").

Ohio State is mistaken. First, as OSU concedes, this Medical Board testimony is already public. Only the linking of the OSU witness to the testimony was not. Nothing in the State Statute prevents disclosure of such a link. *See Id.*

Second, the State Statute is at most a restriction on what the Medical Board must produce. *Id.* ("*The board* shall not make public the names or any other identifying information about patients or complainants unless proper consent is given."). Nothing in the State Statute prevents a witness from revealing his or her own testimony to the Medical Board. Here, the deponent voluntarily provided testimony about his statements to the Medical Board. He was represented by counsel, his counsel never objected to this line of questioning, and his counsel

never asked that the testimony be confidential.[1]  The State Statute imposes no confidentiality where there is "consent."  *Id.*

Third, the State Statute "protect[s] the confidentiality of patients and persons who file complaints with the board."  *Id.*  The deponent is not a patient, nor did he file a complaint with the board.

Finally, though unnecessary to resolve this issue, a federal court adjudicating a federal claim is not bound by state confidentiality statutes.  *See Dwayne B. v. Granholm*, No. CIV.A. 06-13548, 2007 WL 2372363, at *1 (E.D. Mich. Aug. 17, 2007) ("Federal Rules of Civil Procedure take precedence over state confidentiality statutes in defining the scope of discovery in federal cases."); *Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000) ("discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the state statutory confidentiality provisions that have been invoked by appellants . . . do not directly govern the present dispute"); *Seales v. Macomb County*, 226 F.R.D. 572, 576 (E.D. Mich. 2005) ("this Court is not bound by a state statutory privilege not also found in federal statutes or common law"); *see also Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) (where federal court was adjudicating federal claim, court must "apply the federal law of privilege" and "because the federal courts do not recognize a federal physician-patient privilege" the Michigan state physician-patient privilege was inapplicable).

Plaintiffs should be permitted to file their Second Amended Complaint publicly, including paragraphs 237, 238, and 247.

---

[1] This deponent has also stated publicly that he spoke to the Medical Board about Dr. Strauss.

| | |
|---|---|
| DATED:  June 12, 2020 | Respectfully submitted, |

/s/
SCOTT E. SMITH (0003749)
Phil Judy
Scott Elliot Smith, LPA
5003 Horizons Drive, Suite 101
Columbus, Ohio 43220
Phone: 614.846.1700
Fax: 614.486.4987
E-mail: ses@sestriallaw.com
E-mail: plj@sestriallaw.com

*/s/*
Ilann M. Maazel*
Debra L. Greenberger*
Marissa R. Benavides*
EMERY CELLI BRINCKERHOFF
 & ABADY LLP
600 Fifth Ave, 10th Floor
New York, NY 10075
Phone: 212-763-5000
Fax: 212-763-5001
E-mail: imaazel@ecbalaw.com
E-mail: dgreenberger@ecbalaw.com

*/s/*
Adele P. Kimmel*
Alexandra Brodsky*
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

* Admitted *pro hac vice*

**COUNSEL FOR SNYDER-HILL PLAINTIFFS**

3

**CERTIFICATE OF SERVICE**

      A copy of this document was served by the Court's ECF System on all counsel of record on June 12, 2020, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

                                          /s/  Debra. L Greenberger
                                          Debra L. Greenberger