**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRIAN GARRETT,** *et al.*, | |
| Plaintiffs, | Case No. 2:18-cv-692 |
| v. | Judge Michael H. Watson |
| **THE OHIO STATE UNIVERSITY,** | Chief Magistrate Judge Deavers |
| Defendant. | |

| | |
|---|---|
| **STEVE SNYDER-HILL,** *et al.*, | Case No. 2:18-cv-736 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Chief Magistrate Judge Deavers |
| **THE OHIO STATE UNIVERSITY,** | |
| Defendant. | |

**OPINION AND ORDER**

In accordance with the Court's Order issued on May 20, 2020 (Case No. 2:18-cv-692, ECF No. 156), Plaintiffs in both of the above-captioned cases filed Amended Complaints on May 27, 2020,[1] under seal. Defendant filed a Response on June 10, 2020, stating that it had reviewed both Complaints for confidentiality concerns as directed. The *Snyder-Hill* Plaintiffs responded to Defendant's confidentiality concerns on June 12, 2020. For the following reasons, the Court lifts the seal and directs that both pleadings be filed on the public record in their entirety.

---

[1] In *Garrett*, Case No. 2:18-cv-692, Plaintiffs filed a Consolidated Class Action Complaint (ECF No. 157). According to that pleading, Case Nos. 2:19-cv-5272 and 2:20-cv-1649 may be administratively closed. In *Snyder-Hill*, Case No. 2:18-cv-736, Plaintiffs filed a Second Amended Complaint (ECF No. 123).

I.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal

2

must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig*., 927 F.3d at 940 (quoting *Shane Grp*., 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

## II.

Defendant indicates that it does not believe the pleading in *Garrett*, contains confidential information. The Court agrees. Accordingly, the Consolidated Class Action Complaint (ECF No. 157 in Case No. 2:18-cv-692) shall be filed on the public record without redaction.[2]

With respect to the *Snyder-Hill* pleading, Defendant identifies three paragraphs--237, 238, and 247--that it believes are arguably protected from disclosure by Ohio Rev. Code § 4731.22.(F)(5). In considering whether information ought to be sealed, the Sixth Circuit's decision in *Shane Group* requires a district court to balance, among other things, the nature of the public's interest in the litigation's subject matter; whether the information sought to be sealed is required by statute to be maintained in confidence; and the privacy interests of innocent third parties. *Thomas v. Nationwide Children's Hosp., Inc.,* No. 2:14-CV-1236, 2018 WL 1512908, at *2 (S.D. Ohio Mar. 27, 2018).

The first consideration requires little discussion. The public's interest in this case can only be characterized as significant. The Ohio State University is a national institution and the nature of Dr. Strauss' alleged conduct has been the repeated subject of extensive news coverage

---

[2]The Court notes that two copies of the Consolidated Class Action Complaint were filed inadvertently. (ECF Nos. 157 and 159.) Accordingly, the Court will **STRIKE** the second filed pleading (ECF No. 159) as redundant.

over the course of the last several years. This factor weighs strongly in favor of unsealing the Second Amended Complaint in its entirety.

The Court must also consider whether a statute requires the information sought to be sealed to be maintained in confidence. *Thomas*, 2018 WL 1512908, at *3. This factor addresses the crux of the issue here.

The highlighted information relates to statements made to the State Medical Board of Ohio in connection with investigations of Dr. Strauss in 1996. Defendant explains that the quote in paragraph 237 is public information because it appears in the publicly available 1996 investigation report. However, Defendant represents that, to its knowledge, the quote has not been publicly attributed to the individual identified in paragraph 237. Defendant notes that paragraphs 238 and 247 also identify this individual and connect the individual to statements made before the Medical Board. Accordingly, Defendant asserts that Ohio Rev. Code § 4733.22(F)(5) *may* require the individual's consent for public disclosure. Defendant emphasizes that it is highlighting these paragraphs "out of an abundance of caution" and cites to no authority in support of maintaining this information under seal beyond the language of the statute.

Ohio Rev. Code § 4731.22(F)(5) provides that "a complaint, or information received by the board pursuant to an investigation … is confidential and not subject to discovery in any civil action." Further, the Medical Board is prohibited from "mak[ing] public the names or any other identifying information about [] complainants unless proper consent is given[.]" The statute also authorizes the admission into evidence of confidential information in a judicial proceeding, but requires that appropriate measures be taken "to ensure that confidentiality is maintained with respect to any part of the information that contains names or other identifying information about

4

[] complainants whose confidentiality was protected by the state medical board when the information was in the board's possession. Measures to ensure confidentiality that may be taken by the court include sealing its records or deleting specific information from its records."

This statute has been interpreted broadly to encompass a privilege of confidentiality to several groups, including "'investigation witnesses and any other persons whose confidentiality right is implicated by a Medical Board investigation.'" *See State ex rel. Mahajan v. State Med. Bd. of Ohio*, 2010-Ohio-5995, 127 Ohio St. 3d 497, 503 – 504, 940 N.E.2d 1280 (quoting *State ex rel. Wallace v. State Med. Bd. of Ohio*, 2000-Ohio-213, 89 Ohio St. 3d 431, 435, 732 N.E.2d 960). The confidentiality provision may be waived, but only by the holder of the privilege. *Id*.; *see also Wallace*, at 435.

The *Snyder-Hill* Plaintiffs essentially contend that the deponent waived any confidentiality privilege when he testified in this case about his statements to the Medical Board.[3] They have provided nothing beyond argument on this issue. Moreover, the fact of waiver is not entirely clear under the circumstances of this case. For example, the deponent declined to participate in a full interview during the investigation underlying the Perkins Coie report; for purposes of his deposition, the *Snyder-Hill* Plaintiffs characterized him as a "Non-Cooperative Witness"; and, as a third-party, he testified in this case under subpoena. Further, although the *Snyder-Hill* Plaintiffs represent that this individual voluntarily testified, without objection or request for a confidentiality designation, about statements made to the Medical Board, the Court has no information from which it could make its own assessment as to any waiver.

---

[3]Plaintiffs frame their argument in terms of consent rather than waiver.

At the same time, the Court notes that Defendant acknowledges that the quoted material has been public for many years. Further, the individual's identity and position with the University have been discussed in previous public filings in this case. (*See, e.g.*, ECF No. 81 in Case No. 2:18-cv-736). Consequently, it seems that, under these circumstances, requiring these portions of the Second Amended Complaint to remain under seal would not necessarily preserve confidentiality. However, given the breadth of Ohio's confidentiality provisions relating to Medical Board investigations and the limited evidence of waiver, the Court finds that this consideration weighs somewhat in favor of allowing the individual's identity set forth in the three paragraphs highlighted by Defendant to remain under seal.

The final consideration regarding the privacy interests of third parties is not particularly applicable here. As discussed, the only privacy concerns raised relate to the individual deponent. The privacy interests of parties with no connection to this case are not implicated by the information at issue. Consequently, this consideration is neutral.

Taking all of the above into account, the Court concludes that, despite Ohio's strong statutory confidentiality provision, the public interest requires that the Second Amended Complaint be filed on the public record in its entirety without redaction. Secrecy may have been fine at earlier stages of this case, but different considerations apply at the adjudication stage. *Shane Grp.*, 825 F.3d at 305 (citations omitted). The line between these stages is crossed once information is placed on the Court record. *Id*. As noted above, the public has significant interest in not only the outcome but in the conduct giving rise to this case. Undoubtedly, the allegations are of the type where the secrecy concerns noted in *Shane Group* are particularly heightened. *Id*. These concerns strongly outweigh Defendant's suggestion that these three paragraphs *may* require protection from public disclosure.

For the reasons stated above, the Clerk is **DIRECTED** to file the Consolidated Class Action Complaint in Case No. 2:18-cv-692 (ECF No. 157) and the Second Amended Complaint in Case No. 2:18-cv-736 (ECF No. 123) on the public record.  Responsive pleadings and replies shall be filed within rule thereafter.

**IT IS SO ORDERED.**

**Date:  June 23, 2020**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**