**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SNYDER-HILL, et al., | ) | Case No. 2:18-cv-00736 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S RESPONSE TO**
**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' second notice of supplemental authority (Doc. 135) supports Ohio State's position that plaintiffs' Title IX claims are barred by the statute of limitations. The District of Alaska's decision in *Dutchuk v. Yesner*, No. 3:19-CV-0136-HRH, 2020 WL 5752848 (D. Alaska Sept. 25, 2020) held that the plaintiffs' "traditional or post-reporting Title IX claims" were ***barred by the two-year statute of limitations***. *Id*. at *1-*2. *5.

As plaintiffs' notice concedes, *Dutchuk*'s partial denial of the motion to dismiss on statute of limitations grounds was expressly ***limited*** to "heightened risk"/"pre-harassment" Title IX claims. Plaintiffs omit from their notice, however, that the primary authority relied upon by the district judge in *Dutchuk*—the Western District of Texas's decision in *Hernandez v. Baylor Univ*., 274 F. Supp. 3d 602 (W.D. Tex. 2017), which plaintiffs also cited repeatedly in their opposition brief to Ohio State's pending motion to dismiss—was recently ***abrogated*** by the Fifth Circuit Court of Appeals. On September 10, 2020, the Fifth Circuit expressly held: "***We have never recognized or adopted a Title IX theory of liability based on a general 'heightened risk' of sex discrimination, and we decline to do so***." *Poloceno v. Dallas Indep. Sch. Dist*., No. 20-10098, 2020 WL 5494511, at *3 (5th Cir. Sept. 10, 2020) (emphasis added). *Poloceno* also

distinguished other courts' recognition of Title IX "heightened risk" claims on the ground that such courts "*limit this theory of liability to contexts in which students committed sexual assault on other students, circumstances not present here.*"  *Id.* (emphasis added).

Poloceno is consistent with Ohio State's pending motion to dismiss and supporting reply brief, which assert that neither the text of Title IX itself nor the Supreme Court, the Sixth Circuit, or the Southern District of Ohio have ever recognized a Title IX "heightened risk" claim.  *See* MTD (Doc. 128) at 5 n.2; Reply ISO MTD (Doc. 135) at 15 n.6. Plaintiffs here cannot assert such a claim against Ohio State because the alleged sexual abuse was committed by an employee (Strauss), *not by a student*.  *See Poloceno*, 2020 WL 5494511, at *3 (stating courts "that recognize the 'heightened risk' analysis limit this theory of liability to contexts in which students committed sexual assault on other students, circumstances not present here."); *Baylor*, 274 F. Supp. 3d at 617 (suggesting that the Title IX claims would have been dismissed as barred by the expiration of the statute of limitations on the basis of *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015) if the abuse had been employee-on-student, rather than student-on-student).

Further, plaintiff's second supplemental authority does not change that plaintiffs' claims here are barred by the statute of limitations.  No court which has recognized a "heightened risk" claim under Title IX has held that *special accrual* principles apply to such a claim for purposes of the statute of limitations.  As discussed repeatedly throughout Ohio State's motion to dismiss briefing, each plaintiff's Title IX claims accrued at the time of the abuse, and both the Supreme Court and the Sixth Circuit have warned that the discovery accrual rule should not apply to claims brought pursuant to federal statutes unless the text of such statutes expressly mandate it— which Title IX does not.  *See* MTD (Doc. 128) at 7-12, 18; Reply ISO MTD (Doc. 135) at 6-7.

In further supplementation of authority, however, since Ohio State filed its motion to dismiss, numerous additional courts have dismissed, or affirmed dismissals of, Title IX claims pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations, including for example:

1. *Choi v. Reed Inst.*, 822 F. App'x 572, 576 (9th Cir. 2020) (Title IX claim arising from sexual harassment of male student by his female professor was time-barred, and equitable tolling and equitable estoppel did not apply).

2. *Ikedilo v. Statter*, No. 19-CV-9967 (RA), 2020 WL 5849049, at *7 (S.D.N.Y. Sept. 30, 2020) (Title IX claims based on "acts" occurring three years prior to the complaint were time-barred).

3. *Washington v. Univ. of Maryland, E. Shore*, No. CV RDB-19-2788, 2020 WL 5747199, at *1, *5 (D. Md. Sept. 24, 2020) (Title IX claims arising from sexual harassment by her supervisor were barred by two-year statute of limitations).

4. *Doe v. Colorado Cmty. Coll. Sys.*, No. 18-CV-1068-WJM-NRN, 2020 WL 5320810, at *1 (D. Colo. Sept. 4, 2020) (stating "[t]he Court previously dismissed the Title IX and § 1983 claims with prejudice because they were barred by the statute of limitations").

5. *Mazza v. Tarleton State Univ.-Waco*, No. 619CV00373ADAJCM, 2020 WL 5997049, at **3-4 (W.D. Tex. Aug. 20, 2020) (Title IX claims arising from student's expulsion from school based on his gender and mental disabilities were barred by two-year statute of limitations because even though the school's decision to expel was not "final" more than two years before the student sued, the student had "sufficient awareness of injury" at that time to trigger the accrual of his Title IX claims), *report and recommendation adopted*, No. 6-19-CV-00373-ADA, 2020 WL 5984060 (W.D. Tex. Oct. 8, 2020).

6. *Burke v. Basil*, No. SACV20635JVSJDEX, 2020 WL 4435138, at *8 (C.D. Cal. July 23, 2020) (Title IX claims were barred by two-year statute of limitations because the plaintiff "would have had reason to discover a cause of action against [the school district] or suspect a factual basis for such a claim" more than two years before he sued and thus "cannot benefit from the delayed discovery rule").

For the above reasons, *Dutchuk*, the Fifth Circuit's September 10, 2020 decision in *Poloceno*, and the additional cases cited above reaffirm that plaintiffs' Title IX claims, regardless of how plaintiffs attempt to characterize them, accrued at the time of the abuse and are barred by the statute of limitations.

Respectfully submitted,

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        David J. Barthel (0079307)
        CARPENTER LIPPS AND LELAND LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        E-mail: carpenter@carpenterlipps.com
                bricker@carpenterlipps.com
                barthel@carpenterlipps.com

        Special Counsel for Defendant
        The Ohio State University

4

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing was filed electronically on October 26, 2020.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.


<u>/s/ Michael H. Carpenter</u>
Trial Attorney for
Defendant The Ohio State University