IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:18-cv-00736 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |

**PLAINTIFFS' MOTION REQUESTING PERMISSION
TO SUBMIT RESPONSE TO
DEFENDANT'S OCTOBER 26, 2020 SUBMISSION**

In the guise of responding to Plaintiffs' single-paragraph notice of *Dutchuk v. Yesner,* No. 3:19-CV-0136-HRH, 2020 WL 5752848 (D. Alaska Sept. 25, 2020), on October 26, 2020, OSU submitted a supplementary brief with extensive legal discussion and citations to six additional cases. This violated Local Rule 7.2(a), as the Court has previously made clear. *Nokes v. Miami Univ.*, No. 1:17-CV-482, 2017 WL 3674910, at *7 (S.D. Ohio Aug. 25, 2017) (Barrett, J.) (admonishing defendants for submitting "three pages of additional briefing" in response to plaintiff's short notice of supplemental authority).

None of the additional cases OSU cites supports OSU's argument and none was appropriate for submission in response to Plaintiffs' notice of *Dutchuk*. Because OSU's response to Plaintiffs' short citation of supplementary authority was, in fact, a legal brief citing six (inapplicable) cases, in the interest of fairness and to correct OSU's misleading discussion of these cases, Plaintiffs ask the Court for permission to submit the following short response to

OSU's October 26 submission. Plaintiffs emailed Defendant as to its position, and, as of the filing of this motion, Defendant had not provided its position.

Dated: Columbus, OH
November 5, 2020

Respectfully submitted,

By: <u>  /s/ Scott Smith, with email permission to Debra L. Greenberger</u>

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
Michael L. Dillard, Jr. (0083907)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestraillaw.com
E-Mail: mld@sestriallaw.com

Ilann M. Maazel (admitted *pro hac vice*)
Debra L. Greenberger (admitted *pro hac vice*)
Marissa Benavides (admitted *pro hac vice*)
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: mbenavides@ecbawm.com

Adele P. Kimmel (admitted *pro hac vice*)
Alexandra Brodsky (admitted *pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

*Attorneys for Plaintiffs*

### **RESPONSE TO DEFENDANT'S OCTOBER 26, 2020 SUBMISSION**

OSU concedes that *Dutchuck* found similar "heightened risk"/"pre-harassment" Title IX claims to be timely. Dkt. 140 at 1. All Plaintiffs assert these Title IX claims. *Dutchuck* is squarely on point. No. 3:19-cv-0136-HRH, 2020 WL 5752848 (D. Alaska Sept. 25, 2020).

To avoid *Dutchuk*, OSU cites cases far afield. *Poloceno v. Dallas Indep. Sch. Dist.,* an unpublished opinion, did not abrogate the *Baylor* line of cases, as OSU claims. No. 20-10098, 2020 WL 5494511 (5th Cir. Sept. 10, 2020). *Poloceno* does not concern sexual assault at all. It held that Title IX does not cover allegations of disparate impact and dismissed plaintiff's claim that punishing students with certain exercises disproportionately impacted girls given their physiology. *Id.* at *2-3. The Fifth Circuit then rejected Ms. Poloceno's attempt to "repackage[]" her disparate-impact claim as a heightened risk claim, because that theory applies only to discrimination such as "sexual assault" claims. *Id.* at *3. In dicta, the Fifth Circuit described heightened risk claims stemming from student-on-student sexual assaults (many assault-based claims, including *Baylor*, stem from student-on-students assaults). It did not exclude employee-on-student sexual assault cases as a species of heightened risk claims. *Id.* In any event, Plaintiffs do not bring a disparate impact claim; the claims against OSU are, *inter alia*, based on its intentional indifference to the risk of Plaintiffs being assaulted by Dr. Strauss.

The remaining cases OSU cites are similarly inapposite. Not one rejects or even considers the argument *Dutchuk* found persuasive, *i.e.*, that plaintiffs' Title IX claims do not accrue until the plaintiffs "know, or have reason to know . . . that the University had been ignoring complaints of sexual harassment." 2020 WL 5752848 at *5. In some of these cases, the plaintiff alleged no facts supporting delayed accrual and did not even argue delayed accrual;

others further support Plaintiffs' position as to the relevant legal standard and/or are not supplemental authority as the relevant decision pre-dated OSU's motion.

- *Ikedilo v. Statter*, No. 19-CV-9967 (RA), 2020 WL 5849049, at *7 (S.D.N.Y. Sept. 30, 2020):  Plaintiff made no argument that claim accrued within the statute of limitations.

- *Washington v. Univ. of Maryland, E. Shore*, No. CV RDB-19-2788, 2020 WL 5747199, at *1, *5 (D. Md. Sept. 24, 2020): Question was whether two- or three-year limitations period applied; plaintiff conceded that two-year limitations period would preclude claims.

- *Choi v. Reed Inst.*, 822 F. App'x 572, 576 (9th Cir. 2020): Claim untimely where plaintiff had not pleaded facts supporting liability (i.e. did not allege abusing professor had abused other students or defendant college "turned a blind eye" to the professor's abuse), did not allege delayed accrual, and did not allege college made any misrepresentations to students.

- *Doe v. Colorado Cmty. Coll. Sys.*, No. 18-CV-1068-WJM-NRN, 2020 WL 5320810, at *1 (D. Colo. Sept. 4, 2020):  The court adhered without explanation to its July 10, 2019 decision.  The July 10 decision (i) pre-dated OSU's motion to dismiss and is on PACER, Dkt. 58 at 8-0, and (ii) is irrelevant, as it concerned whether a Title IX claim based on the school's discipline of plaintiff only accrued after criminal proceedings terminated in plaintiff's favor.

- *Mazza v. Tarleton State Univ.-Waco*, No. 619CV00373ADAJCM, 2020 WL 5997049, at **3-4 (W.D. Tex. Aug. 20, 2020): *Mazza* supports Plaintiffs' argument that Title IX claims do not accrue until a plaintiff "becomes aware that he has suffered an injury." *Id.* at *3 (internal quotations omitted).  *Mazza* held that the plaintiff knew he was expelled at the time of the expulsion, and the appeal of the expulsion decision did not delay the accrual of plaintiff's claims.

- *Burke v. Basil*, No. SACV20635JVSJDEX, 2020 WL 4435138, at *5 (C.D. Cal. July 23, 2020): *Burke* supports plaintiffs' argument that  the discovery rule "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action" (though Burke relied on state law for that holding).  The plaintiff in Burke was accused (allegedly falsely) of sexual abuse, and the court held that because plaintiffs knew of each defendant's role in the abuse investigation at the time, there was no basis for delayed accrual or equitable tolling.

Respectfully submitted,

By:    */s/ Scott Smith, with email permission to Debra L. Greenberger*

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
Michael L. Dillard, Jr. (0083907)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com
E-Mail: mld@sestriallaw.com

Ilann M. Maazel (admitted *pro hac vice*)
Debra L. Greenberger (admitted *pro hac vice*)
Marissa Benavides (admitted *pro hac vice*)
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: mbenavides@ecbawm.com

Adele P. Kimmel (admitted *pro hac vice*)
Alexandra Brodsky (admitted *pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing document was filed and served, via the Court's CM/ECF system on November 5, 2020, on all counsel of record.

> By: /s/ Debra L. Greenberger
> Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN (COLUMBUS) DIVISION**

| | |
|---|---|
| STEVE SNYDER-HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:18-cv-00736 |
| ) | |
| v. ) | Judge Michael H. Watson |
| ) | |
| THE OHIO STATE UNIVERSITY, ) | Chief Magistrate Judge Elizabeth P. Deavers |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO FILE RESPONSE**

Upon review of Plaintiffs' Motion to file response to OSU's October 26, 2020 submission, and for good cause shown, **IT IS HEREBY ORDERED THAT:**

Plaintiffs' Motion to file response is **GRANTED**.

IT IS SO ORDERED.

Dated: _____                    _____
                                          Michael W. Watson
                                          UNITED STATES JUDGE