THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNYDER-HILL, et al., | Case No. 2:18-cv-00736 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Chief Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S RESPONSE TO
PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' fourth notice of supplemental authority cites *Karasek v. Regents of the University of California*, No. 3:15-CV-03717-WHO, 2020 WL 6684869 (N.D. Cal. Nov. 12, 2020).

The statute of limitations accrual analysis in *Karasek* relied entirely upon the Ninth Circuit's conclusion that a "heightened risk" or "pre-assault" claim is cognizable under Title IX. As explained in Ohio State's motion to dismiss briefing and Ohio State's response to plaintiffs' second notice of supplemental authority, however, neither the text of Title IX itself nor the **Supreme Court**, the **Sixth Circuit**, or the **Southern District of Ohio** have ever recognized a Title IX "heightened risk" or "pre-assault" claim. *See* OSU MTD (Doc. 128) at 5 n.2; OSU Reply ISO MTD (Doc. 135) at 15 n.6; OSU Response to Notice of Supp. Auth. (Doc. 140); *see also Poloceno v. Dallas Indep. Sch. Dist.*, No. 20-10098, 2020 WL 5494511, at *3 (5th Cir. Sept. 10, 2020) ("We have never recognized or adopted a Title IX theory of liability based on a general 'heightened risk' of sex discrimination, and we decline to do so.").

In addition, courts which have recognized "heightened risk" or "pre-assault" Title IX claims "limit this theory of liability to contexts in which students committed sexual assaults on

other students[.]" *Poloceno*, 2020 WL 5494511, at *3. *Karasek* is no exception. It involved sexual assault by students and a "guest" of the university. *Karasek*, 2020 WL 6684869, at *2, *10. Given that Strauss was neither a student nor guest of Ohio State, *Karasek*'s Title IX statute of limitations accrual analysis does not apply to plaintiffs' claims here.

In further supplementation of authority, since Ohio State filed its motion to dismiss, the following courts have dismissed or recommended dismissals of Title IX claims based on the statute of limitations and lack of standing:

1. *Celece v. Dunn School*, No. CV2010139GWPVCX, 2020 WL 6802027, at *6 (C.D. Cal. Nov. 19, 2020) (finding that Title IX claim accrued at the time of the alleged abuse and recommending dismissal of Title IX claim that because it was "untimely by over twenty years").

2. *Borkowski v. Baltimore Cty., Maryland*, No. CV DKC 18-2809, 2020 WL 5816369, at *22-23 (D. Md. Sept. 30, 2020) (dismissing for lack of standing Title IX claims brought by former students of the University of Maryland Baltimore County ("UMBC") against UMBC arising from sexual assaults by members of UMBC's basketball team because plaintiffs were students at Towson University, not students of UMBC, at the time of the assaults).

                                                          Respectfully submitted,

                                                          DAVID A. YOST
                                                          ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
       Michael H. Carpenter (0015733) (Trial Attorney)
       Timothy R. Bricker (0061872)
       David J. Barthel (0079307)
       CARPENTER LIPPS AND LELAND LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       E-mail: carpenter@carpenterlipps.com
               bricker@carpenterlipps.com
               barthel@carpenterlipps.com

       Special Counsel for Defendant
       The Ohio State University

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on December 8, 2020. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Trial Attorney for
Defendant The Ohio State University