UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steve Snyder-Hill, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Case No. 2:18-cv-736

Judge Michael H. Watson

Magistrate Judge Preston Deavers

## OPINION AND ORDER

In this case, sixteen named plaintiffs and seventy-seven unnamed plaintiffs (together, "Plaintiffs") sue The Ohio State University ("Ohio State") based on sexual abuse they suffered at the hands of Dr. Strauss ("Strauss") while students at the University. Second Amend. Compl., ECF No. 123. They sue Ohio State under the following theories of Title IX liability: (1) hostile environment/heightened risk; (2) deliberate indifference to prior sexual harassment; and (3) deliberate indifference to a report of sexual harassment. *Id.* ¶¶ 2553–97. It appears Plaintiffs base each Title IX theory on both the abuse by Strauss and Ohio State's contemporaneous response—or lack thereof—when it learned about Strauss's abusive behavior. *Id.* Ohio State moves to dismiss all claims. Mot. Dismiss, ECF No. 128. Plaintiffs responded, Resp. ECF No. 133, and Ohio State replied. Reply, ECF No. 135.

The Court **GRANTS** Ohio State's motion to dismiss for the reasons set forth in the Opinions and Orders issued in *Garrett* and *Ratliff*. Case Nos. 2:18-cv-692 and 2:19-cv-4746. The reasons requiring dismissal in those cases apply equally to this case. *See, e.g.*, Second Amend. Compl. ¶¶ 2, 5, 13–14, 16, 30–122, 126–28, 130, 132–34, 162, 164, 175–76, 178–80, 182–84, 189, 196–99, 203, 205–08, 213, 217–18, 226–27, 232–33, 239–40, 248–51, 260, 262, 264, 299–2552, ECF No. 123.

In addition to the analyses in *Garrett* and *Ratliff*, the Court wishes to address Plaintiffs' argument that the Court should not dismiss a claim on a statute of limitations defense via a Rule 12(b)(6) motion. As the Court explained in *Garrett*, statute-of-limitations defenses may be properly raised in a motion to dismiss. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). Indeed, "[d]ismissal under Fed. R. Civ. P. 12(b)(6) based on a statute-of-limitations bar is appropriate when the complaint shows conclusively on its face that the action is indeed time-barred." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 500 (S.D. Ohio 2012). Here, the Second Amended Complaint provides all the information the Court needs to conclude that Plaintiffs' claims are barred by the statute of limitations.

Moreover, Plaintiffs' reliance on the "beyond doubt" standard is misplaced. The "beyond doubt" standard has not been the applicable standard for a Rule 12(b)(6) motion since the Supreme Court of the United States' decisions in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Thus, Plaintiffs' reliance on that standard is without merit.

Finally, the Court does not address the standing arguments. Whether the non-student Plaintiffs have standing to sue under Title IX is irrelevant in light of the Court's conclusion that the claims are barred by the statute of limitations.

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT